| JAMES L. CANNELLA, Judge.
The Plaintiff, Aex Griffin, III, appeals from a summary judgment in an insurance coverage dispute with the Defendant, St. Charles Parish, resulting from an automobile accident. We affirm.
On May 21, 1997, the Plaintiff was driving a tractor on Highway 52 in Luling, Louisiana, when he was struck by a car driven by Sidney Gassen. At the time, he was in the course and scope of his employment as a tractor driver with the Defendant. Gassen was insured by Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau). Liability was not contested and Farm Bureau tendered its $25,000 policy limits shortly after the accident.
The Defendant maintained an automobile insurance policy through Coregis Insurance Company covering employees. This policy provided uninsured/underin-sured (UM) coverage of $100,000, subject to a $25,000 self-insured retention (SIR). The provision states that it will pay UM damages “in excess of the insured’s self-insured retention.” Because of the severity of the Plaintiffs injuries, Coregis unconditionally tendered $30,000 to the Plaintiff under its UM provision, and eventually settled the matter with the Plaintiff.
*930 The Plaintiff sought to recover the $25,000 retained by the Defendant. However, the Defendant refused to pay and filed a motion for summary [¿judgment, contending that it did not provide, nor was it obligated to provide, UM benefits under the SIR. The Defendant also argued that the Plaintiff was precluded from making a claim against it under the Louisiana Workers’ Compensation Act exclusivity provision, La.R.S. 23:1032. On May 23, 2003, the trial judge granted the summary judgment, finding that the SIR does not include UM benefits and, if it did, the Plaintiff was precluded from the claim due to the exclusive provisions under the Louisiana Workers’ Compensation Act.
On appeal, the Plaintiff asserts that the trial judge erred in finding that the SIR does not include UM benefits. Second, he contends that the trial judge erred in finding that the Workers’ Compensation Act precludes this claim.
SELF-INSURED RETENTION OF UM BENEFITS
The Plaintiff argues that the Defendant specifically chose to provide $100,000 of UM coverage to its insureds, which includes employee drivers, by a special rider to the Coregis policy. He argues that under the policy, the Defendant may be self-insured for the first $25,000 of that amount, but that amount was intended to be the first $25,000 of the UM benefits of $100,000, leaving the remaining $75,000 for Coregis to pay for any one incident. In response to the Defendant’s argument, he contends that it is irrelevant as to whether the Defendant was required to provide UM under the law. It decided to provide UM and to pay the first $25,000 as a self-insurer as an additional compensation to the employees. Thus, the Plaintiff is entitled to recover that amount as part of the UM benefits provided by the policy. Otherwise, the policy does not make sense since the only persons covered by the policy are the employees.
The Defendant cites cases holding that under Louisiana law, self-insurers have no obligation to provide UM coverage, and that a SIR does not provide UM |4for an employee. See: Tybussek v. Wong, 96-1981 (La.App. 4th Cir.2/26/97), 690 So.2d 225 and Hebert v. Williams, 526 So.2d 835 (La.App. 3rd Cir.), writ denied, 532 So.2d 150 (La.1988). In Hebert, the only issue was whether a self-insurer is obligated to provide UM coverage. However, that is not the issue in this case. The question here is whether the Defendant in fact chose to obligate itself to pay the first $25,000 of UM benefits.
In Tybussek, the plaintiffs sued for damages arising from an automobile accident. Plaintiff was an employee of the Sewerage and Water Board of New Orleans (“Board”), was driving a truck owned by his employer, the Board, and acting in the scope and course of his employment when the accident occurred. The damages sustained by Plaintiffs were allegedly caused by the negligence of third-parties. The plaintiff sought recovery of UM benefits from the employer’s insurer, Carolina Casualty and the $100,000 SIR. The Fourth Circuit found that the Board had no obligation to provide UM coverage, thus there was no coverage for the first $100,000 from either the Board or Carolina Casualty. However, there, the Board did not specifically include a rider providing UM coverage and retaining the first $25,000 of that UM coverage. Nevertheless, the court also found that the workers’ compensation Act precluded the plaintiffs recovery from his employer.
In Jackson v. Cockerham, 02-2493 (La.App. 4th Cir.5/21/03), 847 So.2d 698, the bus company employer was found responsible to the injured employee for the UM benefits despite the SIR. In that case, the *931 issue was whether the employee had to exhaust the SIR before Louisiana Insurance Guaranty Association (LIGA) would be responsible for the damages. There, an employee of the Regional Transit Authority in New Orleans was injured when his bus was struck by a tractor trailer truck insured by U.S. Capital Insurance Company (U.S.Capital). U.S. Capital was placed in rehabilitation and LIGA was named as a successor in interest. The bus was covered by a 14 million dollar liability policy, which included a self-insured [¡^retention of one million dollars. LIGA filed a motion for summary judgment seeking enforcement of the LIGA credit statutes, R.S. 22:1386, which required the plaintiff to recover from all other sources before the LIGA limits would be available. The trial judge found that LIGA was entitled to a credit for the full 15 million dollars in UM coverage. The trial judge determined that the employer was responsible for the SIR for UM coverage. However, in that case, the result turned on the language of R.S. 22:1386 A and 22:1379(3)(b). The court found that for purposes of LIGA credit only, a self-insurer is considered an insurer.
In this case, the Defendant opted to provide UM benefits for $100,000 for its employee drivers. In agreement “O” in the “Schedule of Self Insured Retention” the Defendant agreed that “The policy limits shown of the supplemental declaration pages will be for the excess of the following retained amounts: $25,000 Ultimate Net Loss for each occurrence ...” The supplemental declaration pages included Casualty Insurance, Crime Insurance, Time Element Insurance, and Other Insurance, which includes agreement O for “Each Accident: Uninsured Motorists— Bodily Injury.”
We conclude that the inclusion of the SIR for UM does not indicate the intent to pay the first $25,000 of UM coverage. The only UM coverage that comes into play, is if the damages exceed $25,000. Thus, we find that that the trial judge did not err in this respect.
In light of our findings herein, we pre-termit the issue of whether the workers’ compensation act precludes recovery against the employer for the SIR amount of $25,000.
Accordingly, the judgment of the trial judge is hereby affirmed. Costs of this appeal are to be paid by the Plaintiff.
AFFIRMED.